# IN THE OREGON TAX COURT

## DEPARTMENT OF REVENUE
*v.*
## UMATILLA COUNTY
(TC 2519)

Elizabeth S. Stockdale, Assistant Attorney General, Department of Justice, Salem, represented plaintiff.

Peter H. Wells, Umatilla County Counsel, Pendleton, represented defendant.

Decision for plaintiff rendered November 25, 1986.

**CARL N. BYERS, Judge.**

Plaintiff seeks to have a portion of defendant's 1986-1987 property tax levy declared void for failure to comply with the Local Budget Law. (ORS 294.305 to 294.520, 294.555 and 294.565.) The parties have stipulated to certain documents being submitted to the court as evidence. Each of the parties has filed a motion for summary judgment and submitted a brief in support of its motion. The court heard oral arguments on the motions on November 18, 1986, and has accorded this case priority as directed by ORS 294.520.

The facts are undisputed. On May 10, 1986, defendant published a summary of its 1986-1987 proposed budget in the amount of $11,593,788. The proposed budget called for a tax levy of $3,611,458, of which $154,493 exceeded defendant's tax base and required voter approval. The excess levy of $154,493 was voted on on June 24, 1986, and defeated. About this time, county officials discovered that defendant would have a $400,000 shortfall for the fiscal year then ending. As a result, although defendant reduced its 1986-1987 budget to $11,429,466, it was now necessary for the defendant to levy $355,064 in excess of its tax base. On August 12, 1986, the excess levy of $355,064 was approved by the voters. Defendant subsequently adopted a resolution declaring its 1986-1987 tax levy and filed its notice of levy with the Umatilla County Assessor.

■ In the course of fulfilling its responsibility to supervise local budgets and tax levies, the Department of Revenue reviewed defendant's levy and found that the levy exceeds the amount set forth in defendant's original and only published budget. This is contrary to ORS 294.435, the relevant portion of which states:

> "[A]nd the amount of the total ad valorem taxes to be certified by the municipal corporation for levy for all funds shall not exceed the amount shown in the budget document as published in accordance with ORS 294.421, prior to the budget meeting, unless the amended budget document is republished as provided by ORS 294.416 or 294.418 and 294.421 for the original budget and another public hearing is held as provided by ORS 294.430(1)."

Defendant had not republished the amended budget

or held another public hearing as required. It should be noted that defendant's levy exceeded the amount of levy in the published budget by $200,571. Consequently, plaintiff notified defendant that it should revise its notice of levy to the assessor. Defendant refused to do so, and plaintiff filed its complaint, asking the court to declare as void that portion of the levy ($200,571) not in compliance with the Local Budget Law. By stipulation of the parties, pending the outcome of this case, the court entered an order directing the assessor to extend on the tax roll only that portion of the certified levy as is not in dispute.

Defendant readily acknowledges that it failed to comply with the requirement of ORS 294.435. Defendant contends however that the basic purposes of the statute have been accomplished. Defendant points to the extensive newspaper publicity given the county's financial problems and the need for voter approval of the levy. Defendant has asked the court to find that defendant's budget and levy were prepared in "substantial compliance" with the Local Budget Law.

■      ORS 294.485, after providing for appeals to the Oregon Tax Court, provides in subsection (3) that:

> "If the court finds that the budget and the tax levy in question were not prepared and made in substantial compliance with ORS 294.305 to 294.520, 294.555 and 294.565, and any other applicable law relating to the making of tax levies, it shall declare void or modify any such tax levy and shall direct that such action be taken, all as in the circumstances it shall deem appropriate."

As previously noted by this Court in *Gibbons v. UCPUD*, 9 OTR 176, 181 (1982):

> " 'Substantial compliance' is a dilution of the mandate of compliance which is occasionally accepted by the courts. This is dangerous ground on which to tread."

The ground is dangerous for two reasons. First, the doctrine of substantial compliance in effect says that some parts of a statute are not important. Substantial compliance does not directly deal with the question of meaning or intent. A statute might be perfectly clear as to its meaning. Rather, the doctrine asks the question of whether certain conduct

which has been taken will be accepted as meeting the conditions of the statute even though it does not. For the most part, it is a question dealing with the form of performance as opposed to the substance intended. Since any departure from the statute impinges on the principle of separation of powers, courts should apply the doctrine with great caution.

A second reason for seeing the doctrine as dangerous is the absence of clear limits on its application. Whether a statutory condition must be complied with depends upon the purpose and subject of the statute. The case of *Witham v. McNutt et al.,* 186 Or 668, 208 P2d 459 (1949), dealt with notices required under an election law statute. There the Supreme Court considered five previously applied versions of the substantial compliance rule and reviewed numerous election law cases in which substantial compliance was claimed. Citing changed conditions, the court adopted the position that substantial compliance will be found if the failure to comply would not have changed the outcome of the election.

■■ In the oft-cited case of *Stasher v. Harger-Haldeman,* 58 Cal 2d 23, 22 Cal Rep 657, 660, 372 P2d 649, 652 (1962), the court found that an automobile conditional sale contract that failed to comply with the exact statutory wording nevertheless substantially complied with the statute. The fact that plaintiff was seeking to recover all her payments after driving the vehicle 63,000 miles during two and one-half years must have influenced the court. The court defined substantial compliance as "*actual* compliance in respect to the substance essential to every reasonable objective of the statute." The court then indicated that where such occurs, "mere technical imperfections of form or variations in mode of expression * * * should not be given the stature of non-compliance." This test, sometimes expressed as whether what was done was sufficient to carry out the intent for which the statute was adopted, appears to be the rule most commonly applied. See 40 Words and Phrases, "Substantial Compliance." Under either test, substantial compliance will not be found unless the party has at least attempted to comply with the statute. *Gibbons v. UCPUD,* 9 OTR 176 (1982); *City of Kansas City v. Board of County Commissioners,* 213 Kan 777, 518 P2d 403, 408 (1974).

This court is mindful that the Local Budget Law was

intended by the legislature to be mandatory and binding upon municipal corporations.

" [I]t is unlawful for any municipal corporation to expend money or to levy a tax in any year upon property subject to taxation unless the municipal corporation has complied with the provisions of ORS 294.305 to 294.520, 294.555 and 294.565." (ORS 294.326(1).)

As indicated above, ORS 294.430 prohibits the defendant from levying a greater amount of property tax than is set forth in its previously published budget unless the revised budget summary is republished according to ORS 294.421 and ORS 294.416. Also, another public hearing must be held by the governing body on the budget as approved by the budget committee. In short, if a municipal corporation is to increase its levy after having completed the initial steps of obtaining public imput, the statutes require it to repeat those steps.

Defendant seeks to be excused from repeating the initial steps on the ground that the widespread public interest, newspaper stories, editorials and letters to the editor serve as an effective substitute for the legal notice not published. Likewise, although the budget summary was not republished, the voters were asked to vote on the excess levy. Plaintiff points out that these actions did not give voters an opportunity to review the budget and consider afresh the priorities and values as found in the budget. Defendant responds that it obtained voter approval of the most essential change and question.

There is a great temptation to rescue defendant in this case since it it clear that the county will suffer for lack of funds which the people, by vote, have approved. However, in the court's view, substantial compliance requires a good faith effort to meet every requirement of the statutes. Whether defendant's failure to comply with the requirements of ORS 294.435 was the result of oversight or ignorance, the result is the same. Likewise, failure to attempt compliance with the statute because there is too little time to meet the prescribed schedule cannot constitute substantial compliance. The doctrine must be limited to relieving parties from minor irregularities or errors which would not affect the substance of the statute's objectives. Where, as here, a significant requirement

is entirely omitted, the court cannot find substantial compliance. Any other standard would result in eventual piecemeal evisceration of the statutes.

Defendant's levy was not prepared in substantial compliance with the Local Budget Laws. The court finds that the proposed levy is void to the extent that it exceeded the amount contained in the first published budget. Judgment will be entered accordingly, directing the assesor to levy only $3,611,458 for defendant for 1986-1987.