GUGLER et al,
*Appellants,*

*v.*

BAKER COUNTY
EDUCATION SERVICE DISTRICT et al,
*Respondents.*

(86-02-30434; CA A41053)

740 P2d 798

Jesse R. Himmelsbach, Jr., argued the cause and filed the
briefs for appellants.

Joel S. DeVore, Pendleton, argued the cause for respondents. With him on the brief was Mautz, Hallman & DeVore, Pendleton.

Before Joseph, Chief Judge, and Richardson and Warren, Judges.

JOSEPH, C. J.

**JOSEPH, C. J.**

Plaintiffs are taxpayers in the defendant education service district. They allege, *inter alia,* that the individual defendants, who are directors and officers of the district, acted unlawfully in connection with the district's purchase of and later expenditures on the so-called Century 21 building, that they also acted unlawfully in preparing the district's 1985-86 budget and its budget for previous years and that they are civilly liable under ORS 294.100 for the return of the funds that they expended unlawfully. Plaintiffs contend specifically that defendants' unlawful actions took the form of violations of the Local Budget Law, ORS 294.305 *et seq,* the Public Meetings Law, ORS 192.610 *et seq,* and certain provisions of ORS chapter 244, pertaining to government ethics. The trial court ruled in defendants' favor on all issues which it decided on the merits. However, it concluded that some of the budget law issues are subject to the exclusive jurisdiction of the Tax Court and were therefore beyond its cognizance. Plaintiffs appeal, assigning error to the trial court's jurisdictional ruling and to several of its rulings pertaining to the other issues. Only the assignment which challenges the jurisdictional ruling warrants discussion. *See* note 1, *infra.*

The general thrust of plaintiffs' budget law contentions is that defendants and their predecessors, over a series of fiscal years, followed a systematic pattern of "underbudgeting revenues, overbudgeting expenditures and underbudgeting beginning cash-on-hand." That allegedly resulted in large cash surpluses, which were carried in the budget in funds and as items that were not appropriated for particular purposes. On April 8, 1985, the district board adopted a resolution transferring a $75,000 appropriation from the general fund to the building reserve fund, pursuant to ORS 294.450, and authorizing money from the recipient fund to be spent for the purchase of the building. At approximately that time, according to the affidavit of the district's budget officer, the district had approximately $433,000 in its general fund, of which over $370,000 was not appropriated for specific purposes.

Plaintiffs maintain, among other things, that the uncommitted general fund money which exceeded the district's projected needs should have been applied to reduce the district's levy for the 1985-86 tax year. They also argue that

defendants' similar budgeting practices in previous tax years had snowballed into the surplus which existed in 1985 and which was consumed in part by the building purchase. For those and other reasons, according to plaintiffs, defendants violated budget law requirements through (1) the transfer of the appropriation between the funds and the ensuing expenditures for the building and (2) the preparation and adoption of the district's 1985-86 budget and its budgets for the earlier tax years. The trial court disagreed with plaintiffs' first point and held that it lacked the authority to consider the second.

The initial difficulty in this appeal is that plaintiffs understand the trial court to have held that it lacked jurisdiction over *all* of their budget law contentions. Although that is a fair understanding of the court's opinion letter, it is not a correct understanding of the court's subsequent written conclusions of law, which were incorporated by reference in its judgment. The conclusions state, as relevant:

"1.   The acquisition of the 'Century 21 building' * * * was legal and was in compliance with the Local Budget Law in general and ORS 294.450 in particular.

"2.   This court lacks jurisdiction to consider alleged violations concerning the presentation and passage of the 1985-86 budget or challenges to any previous budgets or budget levies. Such jurisdiction rests with the Oregon tax court. ORS 294.485."

Plaintiffs' assignment of error is directed against the language in the opinion letter relating to jurisdiction. They make no assignment challenging the first of the quoted conclusions. For that matter, they also assign no error to the second. However, their challenge to the opinion letter raises the same question that the trial court decided through the latter conclusion, and the question is a jurisdictional one which we must consider in any event.[1] The issues before us, as plaintiffs have structured them, are very narrow. If the trial court correctly decided which budget law issues were within its

---

[1] Plaintiffs assign as a separate error that the trial court declined to consider, on jurisdictional grounds, whether certain notices issued by the district comply with budget law requirements. Our disposition of the jurisdictional assignment resolves that assignment as well.

jurisdiction and which were not, plaintiffs have not successfully raised any question about the court's rulings on the merits of the issues which it concluded that it could decide. The only question we can consider, therefore, is whether plaintiffs' budget law contentions are subject to the Tax Court's exclusive jurisdiction.[2]

ORS 294.485(1) provides:

"Any tax levy made contrary to the provisions of [the Local Budget Law] or any other law relating to the making of tax levies shall be voidable as provided in subsection (2) of this section and ORS 310.070."

Subsection (2) of that statute gives the Tax Court jurisdiction over and establishes procedures for proceedings under the statute. Subsection (3) then defines the Tax Court's remedial powers:

"If the court finds that the budget and the tax levy in question were not prepared and made in substantial compliance with [the Local Budget Law] and any other applicable law relating to the making of tax levies, it shall declare void or modify any such tax levy and shall direct that such action be taken, all as in the circumstances it shall deem appropriate."

*See Girt et al v. Tri-Met et al,* 4 OTR 92 (1970).

Plaintiffs argue that ORS 294.485 is inapplicable and that this action is within the circuit court's jurisdiction, because its gravamen is the alleged violation of and claim for relief under ORS 294.100, rather than the underlying budget law violations. ORS 294.100(2) provides, in material part:

"Any public official who expends any public money in excess of amounts, or for any other purpose or purposes than authorized by law, shall be civilly liable for the return of the money * * * at the suit of any taxpayer of such district."

Defendants respond that circuit court is not the exclusive forum for actions under ORS 294.100; that, under ORS 305.405, the Tax Court is a court of general jurisdiction which has the powers of a circuit court and which may provide the legal and equitable remedies that circuit courts may; and that the remedies the Tax Court can accord under ORS 294.485(3)

---

[2] Neither party now suggests that the building expenditure issue is within the jurisdiction of the Tax Court. We nevertheless must consider that question.

"presumably * * * would include questions of personal liability arising under ORS 294.100" when they "are tied to local budget law allegations."

■ Neither party hits the mark. The definition of the Tax Court's powers in ORS 305.405, on which defendants rely, are preceded by the words "in cases within its jurisdiction pursuant to ORS 305.410." *See Sanok v. Grimes,* 294 Or 684, 662 P2d 693 (1983). That court's jurisdiction over Local Budget Law matters is conferred by ORS 294.485,[3] not ORS 305.410. *See Jarvill v. City of Eugene,* 289 Or 157, 165, 613 P2d 1, *cert den* 449 US 1013 (1980). Contrary to defendants' arguments, the remedies that ORS 294.485 authorizes the Tax Court to give are precisely defined, and they do not, even arguably, include the imposition of damages against local officials under ORS 294.100.

■ The problem with plaintiffs' argument, again, is that it does not differentiate between the Local Budget Law issues on which the trial court made substantive rulings and those which it held to be beyond its jurisdiction. It is clear that ORS 294.485 does not make the Tax Court the exclusive forum for *all* issues which conceivably can arise in connection with the Local Budget Law. The statute applies only to noncompliance with the budget law in connection with the preparation and making of budgets and levies. It does not address expenditures which are made after the budget is adopted, but which are not authorized even nominally in the budget or were nominally authorized through procedures which violated the budget law. Moreover, as a mechanical proposition and as relevant to the unlawful building expenditure allegations in this case, ORS 294.485 cannot be a source of redress for improper transfers of appropriations within funds or from one fund to another. Proceedings under ORS 294.485 must be initiated within 30 days after the notice of levy is filed with the assessor, ORS 294.485(2), but transfers may occur at any time "during the year for which the appropriations are made." ORS 294.450(5).

■ Because plaintiffs treat the case as involving one jurisdictional issue instead of two, they do not squarely consider the decisive question, which we think has a fairly clear answer: Did the trial court have jurisdiction over the building

---

[3] The Tax Court also has jurisdiction to review certain budget law-related matters under ORS 294.500 and ORS 294.515. Neither of those statutes is relevant here.

expenditure issues but not over issues bearing on the procedures by which the budgets were prepared and adopted? By its terms, ORS 294.485 clearly gives the Tax Court jurisdiction over the latter issue and, just as clearly, it does not place the former within the Tax Court's jurisdiction.[4] The reason that that answer is only "fairly clear," rather than absolutely so, is that in *Sanok v. Grimes, supra,* the Supreme Court said that "[j]urisdiction over a unified case should not be split between the [T]ax [C]ourt and another court." 294 Or at 693. That statement was based on the court's earlier construction of ORS 305.410[5] in *Jarvill v. City of Eugene, supra,* where it concluded that that statute should and could be interpreted to avoid "split jurisdiction" over an action involving "a challenge to a city tax, which is not a tax law of the state, merely because the challenge includes a question regarding a tax law enacted by the state." 289 Or at 167.

However, there is no comparable problem here of two courts having arguable jurisdiction over different questions involved in a single controversy. This case presents the simpler problem of a party having raised two controversies in a single court. The trial court correctly concluded, on the basis of the clear language of ORS 294.485, that it had jurisdiction over only one of those controversies.[6]

---

[4] It is noteworthy that plaintiffs and others *did* bring a separate proceeding under ORS 294.485 concerning the 1985-86 levy. *Gugler v. Baker County Education Serv. Dist.,* 10 OTR 315 (1986).

[5] ORS 305.410 gives the Tax Court exclusive jurisdiction to hear and determine "all questions of law and fact arising under the tax laws of this state."

[6] By holding that the Tax Court's jurisdiction does not extend to plaintiffs' contentions regarding the building expenditures and that the trial court therefore did not lack *jurisdiction* over those contentions, we imply no answer to whether those contentions could give rise to a *claim* under ORS 294.100. No Oregon appellate court decision has resolved whether an expenditure can be the basis for ORS 294.100 liability *solely* because it was unauthorized in the budget or was ostensibly authorized through procedures that violated the Local Budget Law. Several decisions hold that personal liability arises when an official spends public funds for an *impermissible purpose. See Burt v. Blumenauer,* 299 Or 55, 71, 699 P2d 168 (1985), and cases there cited. Two Supreme Court decisions can be read to imply that the precedessor of ORS 294.100 was applicable to expenditures which, although made for purposes which *could* lawfully be authorized, were not *in fact* authorized by budgetary action or exceeded budgeted *amounts. Glines v. Bain,* 157 Or 358, 72 P2d 33 (1937); *Tuttle v. Beem,* 144 Or 145, 24 P2d 12 (1933). However, as the court noted in *Burt v. Blumenauer, supra,* those cases did not resolve the issue, because "payments had not yet been made, and the issue of personal liability was not presented." 299 Or at 71. We note, too, that comprehensive amendments to the budget law enacted after *Glines* and *Tuttle* were decided make them questionable as authority, at least on the question discussed in this footnote.

Affirmed.