Argued and submitted October 6, 1987, decisions of Court of Appeals and trial court affirmed April 26, 1988

## GUGLER et al,
*Petitioners on Review,*

*v.*

## BAKER COUNTY
## EDUCATION SERVICE DISTRICT et al,
*Respondents on Review.*

(TC 86-02-30434; CA A41053; SC S34391)

754 P2d 900

Jesse R. Himmelsbach, Jr., Baker, filed the petition and argued the cause for petitioners on review.

Joel S. DeVore, Pendleton, argued the cause for respondents on review. With him on the brief was Mautz, Hallman & DeVore, Pendleton.

CARSON, J.

## CARSON, J.

This case concerns the respective jurisdictions of the Tax and Circuit Courts to adjudicate violations of the Local Budget Law (ORS 294.305 to 294.520, 294.555 and 294.565). It is a companion case to *Gugler v. Baker Co. Ed. Serv. Dist. (Gugler I)*, 305 Or 548, 754 P2d 891 (1988), and *Gugler v. Baker Co. Ed. Serv. Dist. (Gugler III)*, 305 Or 570, 754 P2d 903 (1988), also decided today.

Defendant Baker County Education Service District (Baker ESD) is an education service district formed under ORS chapter 334. Education service districts are municipal corporations providing various services to their constituent school districts, including library services, curriculum improvement, special education teachers, and the like. *See Gugler I, supra,* 305 Or at 550-51.

The individual defendants are seven present and former members of the board of directors of Baker ESD and the superintendent and budget officer for 1985-86. Plaintiffs are taxpayers within Baker ESD.

Plaintiffs allege that individual defendants acted unlawfully in purchasing a building to house Baker ESD operations. Plaintiffs contend that a transfer of funds from the general fund of Baker ESD to the building reserve fund and the subsequent purchase of the building were illegal. Specifically, plaintiffs allege that the individual defendants violated ORS 294.450,[1] which is a part of the Local Budget Law.

Plaintiffs also allege that the individual defendants acted unlawfully in preparing and adopting the 1985-86 budget and earlier budgets for Baker ESD. Plaintiffs allege various violations of the Local Budget Law more fully dealt

---

[1] ORS 294.450 provides, in part:

"Subject to the provisions contained in the charter of any city or county or in any law relating to municipal corporations:

"* * * * *

"(3) Transfers of appropriations or of appropriations and a like amount of budget resources may be made from the general fund of the municipal corporation to any other fund when authorized by an official resolution or ordinance of the governing body. The resolution or ordinance shall state the need for the transfer, the purpose for the authorized expenditures embodied in the appropriation and the amount of appropriation transferred."

with in *Gugler I. See Gugler I, supra,* 305 Or at 557-62. According to plaintiffs, these violations and the violation of ORS 294.450 render the individual defendants liable under ORS 294.100[2] for return of unlawfully expended funds. The circuit court concluded that the building purchase was made in compliance with ORS 294.450 and that it lacked jurisdiction to consider challenges to the preparation and adoption of budgets.[3]

In affirming the decision of the circuit court, the Court of Appeals concluded that the Tax Court is not "the exclusive forum for *all* issues which conceivably can arise in connection with the Local Budget Law." *Gugler v. Baker County Education Serv. Dist.,* 86 Or App 549, 554, 740 P2d 798 (1987). (Emphasis in original.) Although the circuit court lacked jurisdiction over challenges to the preparation and adoption of budgets for Baker ESD, the Court of Appeals concluded that the circuit court did have jurisdiction to

---

[2] ORS 294.100 provides, in part:

"(1) It is unlawful for any public official to expend any money in excess of the amounts, or for any other or different purpose than provided by law.

"(2) Any public official who expends any public money in excess of the amounts, or for any other or different purpose or purposes than authorized by law, shall be civilly liable for the return of the money by suit of the district attorney of the district where the offense is committed, or at the suit of any taxpayer of such district."

[3] The circuit court also held that: (1) Certain board executive sessions, held to consider the building purchase, violated the Public Meetings Law (ORS 192.610 to 192.690), but the decision of April 8, 1985, to purchase the building complied with that law; (2) the Public Meetings Law violations did not give rise to personal liability for individual defendants under ORS 294.100; and (3) plaintiffs were not due relief under ORS chapter 244, which pertains to government ethics. Plaintiffs do not raise these issues in their petition. Accordingly, we decline to consider them. ORAP 10.15(2).

Plaintiffs also contend that this action "is in the nature of a suit in equity." Thus, citing ORS 19.125(3), they claim that they were entitled "to have the Court of Appeals 'try the cause anew upon the record.' "

Again, plaintiffs failed to raise this argument at the appropriate level, in this instance before the Court of Appeals. We are not required to consider their argument. ORAP 10.15(2).

Moreover, we doubt the merits of plaintiffs' contention. The one issue properly within the jurisdiction of the circuit court, the building expenditure issue, was a claim for money damages against individual defendants under ORS 294.100. That is more properly characterized as an issue at law. *See Fleming v. Wineberg,* 253 Or 472, 480, 455 P2d 600 (1969). The preparation and adoption of budgets and tax levies was beyond the jurisdiction of the circuit court and within the jurisdiction of the Tax Court. It was thus also beyond the jurisdiction of the Court of Appeals to reach the merits. *See* ORS 305.445.

adjudicate the building expenditure issue. 86 Or App at 555. We agree and affirm the decision of the Court of Appeals.

I.

ORS 294.485[4] provides for appeals to the Tax Court for "[a]ny tax levy made contrary to the [Local Budget Law] or any other law relating to the making of tax levies." Appeal may be taken by the county assessor, county court, board of county commissioners, the Department of Revenue, Tax Supervising and Conservation Commission, "or 10 interested taxpayers." ORS 294.485(2). The appeal must be made within 30 days after the notice of tax levy is filed with the county assessor. ORS 294.485(2)(a). If the Tax Court finds that the budget and tax levy were not prepared and made in substantial compliance with the Local Budget Law and other applicable law, the court must void or modify the levy. ORS 294.485(3).

ORS 294.485 squarely places jurisdiction for appeals concerning tax levies in the Tax Court. *Jarvill v. City of Eugene,* 289 Or 157, 165-66, 613 P2d 1 (1980); *see also Girt v. Tri-Met,* 4 OTR 92, 98-100 (1970). Although the Department of Revenue is given certain authority concerning the Local Budget Law, such as ordering municipalities to conform their budgeting procedures to the Local Budget Law, even here review lies with the Tax Court. ORS 294.490 to 294.515. The statutory scheme clearly contemplates that the Tax Court adjudicate disputes over the preparation and adoption of budgets and the ensuing tax levies by municipal corporations. Jurisdiction properly lay in the Tax Court over challenges to the adoption and preparation of the 1985-86 budget and earlier budgets of Baker ESD. *See Gugler I, supra,* 305 Or at 557-62. Such jurisdiction is exclusive. ORS 305.410(3).

---

[4] ORS 294.485 provides, in part:

"(1) Any tax levy made contrary to the provisions of [the Local Budget Law] or any other law relating to the making of tax levies shall be voidable as provided in subsection (2) of this section and ORS 310.070.

"(2) The county assessor, county court, board of county commissioners, the Department of Revenue, Tax Supervising and Conservation Commission or 10 interested taxpayers may appeal to the Oregon Tax Court * * *:

"* * * * *

"(3) If the court finds that the budget and the tax levy in question were not prepared and made in substantial compliance with [the Local Budget Law] and any other applicable law relating to the making of tax levies, it shall declare void or modify any such tax levy and shall direct that such action be taken, all as in the circumstances it shall deem appropriate."

## II.

ORS 294.450(3) provides for transfers of appropriations from the general fund of a municipal corporation to another fund when authorized by resolution or ordinance of the governing body. ORS 294.450(3) is a part of the Local Budget Law. ORS 294.305. Defendants contend that jurisdiction over the building expenditure issue lies exclusively in the Tax Court because of the exclusive jurisdiction of the Tax Court over the Local Budget Law.

We disagree. In challenging the transfer, appropriation, and expenditure of funds for the building, plaintiffs do not challenge the preparation and adoption of the budget or tax levy for 1985-86. Nor do they thus challenge the preparation and adoption of earlier budgets and levies.

■    Plaintiffs raise an issue not provided for in the jurisdictional grant of ORS 294.485. That statute provides for jurisdiction in the Tax Court over *tax levies* made contrary to the Local Budget Law. ORS 294.485(1); *see also Gugler I, supra,* 305 Or at 552-53. We hold that the circuit court has jurisdiction over Local Budget Law matters not expressly within the jurisdiction of the Tax Court under ORS 294.485.[5]

In determining Tax Court jurisdiction, this court tries to avoid "split jurisdiction." *Sanok v. Grimes,* 294 Or 684, 697 n 21, 662 P2d 693 (1983); *see also Jarvill v. City of Eugene, supra,* 289 Or at 167-68. The Tax Court may exercise jurisdiction over a Local Budget Law matter *not* within its express jurisdiction if the matter arises out of the same facts giving rise to a matter which *is* within Tax Court jurisdiction. *Sanok v. Grimes, supra,* 294 Or at 697 n 21.

■    In this case, however, plaintiffs' challenge to the purchase of the building does not arise out of the same facts giving rise to their challenge to the preparation and adoption of any budget or tax levy. Thus, the Tax Court could not have properly exercised jurisdiction over the building expenditure issue.

---

[5] The Tax Court also has jurisdiction under ORS 294.500, 294.510 and 294.515 to review Department of Revenue declaratory rulings, to order compliance with Department orders, and to hear appeals by municipal corporations aggrieved by Department orders, respectively.

We conclude that the circuit court properly exercised jurisdiction to adjudicate the challenge to the building purchase under ORS 294.450.

### III.

The sole remaining issue concerns the necessity of the transfer of funds from the general fund of Baker ESD to the building expenditure fund to purchase the building. ORS 294.450(3) requires that the resolution or ordinance making such a transfer state, *inter alia,* "the need for the transfer." Plaintiffs argue that ORS 294.450(3) "requires the actual existence of 'need.' "

■ ORS 294.450(3), however, requires only that the governing body state what the perceived need is in the resolution or ordinance. The statute is not a warrant for court inspection and adjudication of whether the "need" does in fact exist.

■ The pertinent resolution here, Resolution 85-4, was adopted by the board of directors of Baker ESD on April 8, 1985. The first paragraph of the resolution states that "the present facilities rented by [Baker ESD] are inadequate and more space is necessary in order to accomplish [the authorized objectives of Baker ESD]." That was sufficient to state the need for the transfer under ORS 294.450(3).

The decisions of the Court of Appeals and the trial court are affirmed.