Argued and submitted March 1, decision of Tax Court affirmed April 26, 1988

## GUGLER et al,
*Appellants,*

*v.*

## HARDWICK,
*Plaintiff,*

*v.*

## BAKER COUNTY
## EDUCATION SERVICE DISTRICT,
*Respondent.*

### (TC 2486; SC S34450)

754 P2d 903

Jesse R. Himmelsbach, Jr., Baker, filed briefs and argued the cause for appellants.

Joel S. DeVore, Pendleton, argued the cause for respondent. With him on the brief and additional authorities were W. Eugene Hallman and Mautz, Hallman & DeVore, Pendleton.

CARSON, J.

## CARSON, J.

This case concerns a challenge to the 1986-87 tax levy of defendant Baker County Education Service District. It is a companion case to *Gugler v. Baker Co. Ed. Serv. Dist. (Gugler I)*, 305 Or 548, 754 P2d 891 (1988) and *Gugler v. Baker Co. Ed. Serv. Dist. (Gugler II)*, 305 Or 563, 754 P2d 900 (1988), also decided today.

The structure and functions of defendant were described in our previous opinion and need not be repeated. *See Gugler I, supra,* 305 Or at 550-51. We proceed to consider plaintiffs' four assignments of error from rulings of the Tax Court.

### I. *Constitutionality of ORS 334.025(3) and 334.240(1).*

■ Plaintiffs allege that the structures of defendant's board of directors under ORS 334.025(3) and budget committee under ORS 334.240(1) violate the constitutional one-person, one-vote principle. *See Hadley v. Junior College District,* 397 US 50, 90 S Ct 791, 25 L Ed 2d 45 (1970). Adhering to its previous decision in *Gugler v. Baker County Education Serv. Dist.,* 10 OTR 315, 318 (1986), the Tax Court struck these allegations from the complaint.

Except for the differing fiscal year (1986-87 as opposed to 1985-86), plaintiffs' constitutional challenges are indistinguishable from those made in *Gugler I, supra.* We conclude, as we did in *Gugler I,* that whatever the merits of these challenges, the Tax Court lacked jurisdiction to consider them. *Gugler I, supra,* 305 Or at 551-57.

### II. *Money held in "special trust."*

■ Plaintiffs allege various violations of the Local Budget Law[1] which do not relate to fiscal year 1986-87. For fiscal year 1984-85, plaintiffs allege that defendant's board estimated a "General Fund Contingency" which was unreasonable, not based on past experience, and not based on the operation and purpose of such funds. *See* ORS 294.352(8); *Gugler I, supra,* 305 Or at 561-62; OAR 150-294.352(8). They

---

[1] ORS 294.305 to 294.520, 294.555 and 294.565.

make the same allegations about defendant's "Unappropriated Ending Fund Balance" for the 1984-85 fiscal year. *See* ORS 294.371; OAR 150-294.371.

Plaintiffs also allege that, in the midst of the 1985-86 budgeting process, defendant's general fund had an uncommitted balance in excess of that permitted by law. Finally, they allege that the "Unappropriated Ending Fund Balance" of the 1985-86 budget was, again, unreasonable, not based on past experience, and not based on the operation and purpose of such funds. They argue that all "illegally accumulated funds" — as they allege these funds to have been — must be held under a "special trust." The Tax Court struck these allegations from plaintiffs' amended complaint.

Challenges to tax levies under the Local Budget Law must be commenced within 30 days of the filing of the notice of the tax levy with the county assessor. ORS 294.485(2)(a); *Smith v. Colton School Dist. No. 53,* 10 OTR 295, 296 (1986). Plaintiffs, however, filed their complaint on August 11, 1986. That was one to two years after the 1984-85 and 1985-86 tax levies. Because the applicable time period had run for making challenges to the 1984-85 and 1985-86 tax levies, plaintiffs are barred from making those challenges.

III. *Notice of budget document availability.*

The notice by defendant of the budget committee's first meeting stated where the budget document "will be available." That was in contradistinction to ORS 294.401(1), which requires a statement of where the document "is available." The Tax Court concluded that this variance was not a failure substantially to comply with the Local Budget Law.

We also conclude that defendant did not fail substantially to comply with ORS 294.401(1), but for the reasons stated in our previous opinion. *Gugler I, supra,* 305 Or at 558-59.

IV. *Attorney fees.*

Plaintiffs argue, citing *Deras v. Myers,* 272 Or 47, 535 P2d 541 (1975), that they should be awarded attorney fees. They argue that they should not have to pay out of their own pockets for the allegedly valuable service rendered the public in prosecuting this action.

The *Deras* plaintiff, however, *succeeded* in his action, while plaintiffs have not succeeded. In such circumstances, we decline to award plaintiffs attorney fees. *See Lewis v. Dept. of Rev.,* 294 Or 139, 143, 653 P2d 1265 (1982); *State ex rel Eckles v. Livermore,* 72 Or App 650, 661-62, 696 P2d 1153 (1985).

The decision of the Tax Court is affirmed.