Argued and submitted September 1, 1987, decision of Tax Court affirmed
April 26, 1988

# GUGLER et al,
*Appellants,*

## HARDWICK,
*Plaintiff,*

*v.*

# BAKER COUNTY
# EDUCATION SERVICE DISTRICT,
*Respondent.*

## (TC 2340; SC S33624)

754 P2d 891

549-a

Jesse R. Himmelsbach, Jr., Baker, filed briefs and argued the cause for appellants.

Joel S. DeVore and W. Eugene Hallman, Pendleton, filed a brief and each argued the cause for respondent. With them on the brief was Mautz, Hallman & DeVore, Pendleton.

CARSON, J.

## CARSON, J.

This case concerns alleged violations of the federal and state constitutions, the Local Budget Law (ORS 294.305 to 294.520, 294.555 and 294.565) and the Public Meetings Law (ORS 192.610 to 192.690) relating to the 1985-86 tax levy by defendant Baker County Education Service District. It is a companion case to *Gugler v. Baker Co. Ed. Serv. Dist. (Gugler II)*, 305 Or 563, 754 P2d 900 (1988) and *Gugler v. Baker Co. Ed. Serv. Dist. (Gugler III)*, 305 Or 570, 754 P2d 903 (1988), also decided today. In this case, the Tax Court concluded that there were no constitutional violations and that the levy was prepared in substantial compliance with the statutes. *Gugler v. Baker County Education Serv. Dist.*, 10 OTR 315 (1986). We affirm for the reasons set forth below.

## BACKGROUND

Plaintiffs are interested taxpayers seeking to void the 1985-86 tax levy. Defendant is an education service district (ESD) created under ORS chapter 334.

An ESD provides services to the common school districts within its boundary, which usually corresponds to a county boundary. These services include central purchasing, library facilities, curriculum materials, special teachers, and special programs. ORS 334.175. Other than providing specialized programs, an ESD usually does not work directly with students.

Each ESD is governed by a seven-member board of directors. ORS 334.025(1). The board has certain functions, including the power: To sue and be sued; to distribute school funds; to conduct audits; to resolve boundary disputes and mergers of the common school districts; to conduct curriculum improvement and special education programs; to employ personnel to carry out its functions; to buy or lease land or facilities for ESD purposes; to lease, sell, or convey unnecessary property; and to make whatever rules are necessary to perform board duties. ORS 334.125.

The board also is authorized to prepare and adopt a budget for its own expenses. This budget may include amounts necessary to provide the special services and facilities authorized by ORS 334.175. ORS 334.240(2). An ESD is

authorized to levy a tax within its geographical boundary. ORS 334.270.

Defendant Baker County Education Service District (Baker ESD) encompasses four common school districts located in Baker County and fractional parts of Union and Malheur Counties. Consequently, defendant's board of seven directors is made up of one director elected from each of the common school districts and three directors elected at large. ORS 334.025(3).[1] Each common school district elects only one director despite wide disparities in population: 75 percent of the voters of Baker ESD live within School District 5J (Baker City); about 15 percent live within School District 61 (Pine Eagle); about 5 percent live within School District 16J (Huntington); and 4 percent live within School District 30J (Burnt River). Not surprisingly, plaintiffs attack ORS 334.025(3) as violating the constitutional one-person, one-vote principle as to School District 5J voters. They also attack the composition of defendant's budget committee as violating this constitutional principle. Before we address those questions, however, we must first inquire whether the Tax Court had jurisdiction[2] over the matter.

## I.  TAX COURT JURISDICTION

Defendant correctly concedes Tax Court jurisdiction over the Local Budget Law questions under ORS 294.485. *See Gugler II, supra.* These are discussed *infra* at 556-62. Defendant contends, however, that the constitutional issues involving the composition of the board could only have been litigated, if at all, in circuit court.

The legislative scheme for Tax Court jurisdiction contemplates a general grant of jurisdictional authority (ORS 305.410(1)) in addition to specific grants, such as over the Local Budget Law. *See Jarvill v. City of Eugene,* 289 Or 157, 164, 613 P2d 1 (1980); *Sanok v. Grimes,* 294 Or 684, 692, 662

---

[1] ORS 334.025(3) provides:

"In an education service district which has fewer than five common school districts, one director shall be elected from each of the common school districts and the additional directors shall be elected from the district at large."

[2] The term "jurisdiction," as used here, refers to the subject matter of cases which ORS 305.410(1) authorizes the Tax Court to hear and determine. *See Sanok v. Grimes,* 294 Or 684, 691 n 4, 662 P2d 693 (1983).

P2d 693 (1983). The question presented is thus whether the Tax Court had specific authority to determine the constitutionality of ORS 334.025, or whether that authority can be found in the more general jurisdictional grant of ORS 305.410(1).

## SPECIFIC GRANT

■ Chapter 334 (establishing ESDs) does not specifically grant jurisdiction to the Tax Court to determine the validity (constitutional or otherwise) of ORS 334.025(3). Nor does any other statute.

The Local Budget Law does not grant such jurisdiction. However, the Local Budget Law specifically does grant review in the Tax Court for challenging a tax levy made contrary to "any other law relating to the making of tax levies." ORS 294.485(1) and (2).

For Tax Court jurisdiction under ORS 294.485, the claim must be that (1) a tax levy (2) was made contrary to (3) the Local Budget Law "or any other law relating to the making of tax levies." ORS 294.485(1). By the plain words of the statute, the challenge must be to the *tax levy* as made contrary to an applicable provision of law. Futhermore, all three elements must be present.

Plaintiffs' claims under the Local Budget Law meet this test. They claim that the 1985-86 tax levy was made contrary to specific provisions of the Local Budget Law. Over these claims, the Tax Court did have jurisdiction.

It does not necessarily follow, however, that the Tax Court also has jurisdiction over an attack on a tax levy based on an alleged legal flaw in the composition of the governing body levying the tax. It matters not whether the alleged flaw is constitutional or statutory. The question, rather, is to what ORS 294.485 refers as a "tax levy made contrary * * * to any other law relating to the making of tax levies" which are "voidable" by appeal to the Tax Court.

Hypothetically, a plaintiff might claim that the 1985-86 tax levy was made contrary to Oregon constitutional provisions governing the amount of increase in the levy (Or Const, Art XI, § 11) or to the particular levy provisions of the ESD statutes (ORS 334.262 to 334.285). A constitutional

increase limitation provision probably would be deemed a law relating to the making of tax levies because it directly implicates the levy, *i.e.*, it governs the rate of increase in the levy. The plaintiff might claim that the levy exceeded the constitutional limit. Over such a challenge, the Tax Court probably would have jurisdiction. Likewise, a challenge that the ESD violated the tax levy provisions in the ESD statutes probably would result in Tax Court jurisdiction.

Similarly, a tax levy might violate the Fourteenth Amendment or Oregon's Article I, section 20, by discriminating for or against a class of taxpayers. Constitutional clauses are, in this sense, laws "relating to the making of tax levies." In this case, however, plaintiffs do not claim to have been singled out for a tax levy which is not applied "equally" within the meaning of Article I, section 20, or the Fourteenth Amendment. They do not object that the levy taxes them unequally, but rather that it taxes them at all. This does not mean that their constitutional attacks on the ESD board lack merit. It simply means that the Tax Court is not the forum within which to review those attacks.

It could be argued, and plaintiffs do, that the proper interpretation of the legislative inclusion of "any other law relating to the making of tax levies" necessarily included any law that directly or indirectly is a predicate to the making of a tax levy. This view, a "continuum theory" (akin to the admonition that "For want of a nail, the horse was lost," etc.), has some facial attraction. However, such an interpretation literally would place unlimited and universal jurisdictional authority in the Tax Court with the only requirement being that the statutory or constitutional defect ultimately results in a tax levy. We do not believe that the legislature meant to go that far. We conclude that the correct interpretation limits Tax Court jurisdiction to laws addressed to the procedure and characteristics of tax levies. *See, e.g.,* ORS 334.262 to 334.285 (ESDs), ORS 266.420 (Park and Recreation Districts), and ORS 267.305 (Mass Transit Districts).

## GENERAL GRANT

That leaves the general jurisdictional grant under ORS 305.410. The legislature has pronounced that the Tax Court is "the sole, exclusive and final judicial authority for the hearing and determination of all questions of law and fact

arising under the tax laws of this state." ORS 305.410(1). As has been remarked, this jurisdictional statute "has never been a picture of statutory clarity." *Jarvill v. City of Eugene, supra,* 289 Or at 162. The question might thus be rephrased as whether ORS 334.025 is one of the "tax laws of this state." But that is a patently unfavorable ground upon which to predicate jurisdiction because, again, ORS 334.025 provides only for the membership of ESD boards of directors and the method of selecting those boards.

In *Jarvill v. City of Eugene, supra,* this court confronted the question whether a city ordinance for levying an *ad valorem* tax was a "tax law of this state." The court stated that "jurisdiction under ORS 305.410(1) must be determined by whether *the tax being challenged* is itself a tax law of this state." 289 Or at 167. (Emphasis in original.) The tax enacted and imposed by the city was not such a tax. 289 Or at 166. For Tax Court jurisdiction, the complaint must challenge a tax imposed by state government; if the complaint does not do so, litigation properly proceeds in circuit court, unless a basis exists outside ORS 305.410 for Tax Court jurisdiction. 289 Or at 167-68.

*Jarvill* is consistent with an early Tax Court decision: *Girt v. Tri-Met,* 4 OTR 92 (1970). That case involved a constitutional attack upon the Tri-County Metropolitan Transit District (Tri-Met) and an ordinance which it adopted to levy a payroll tax. The court distinguished a statute *levying* a tax from a statute *authorizing* a *political subdivision* to levy a tax for *local purposes. Id.* at 98. Because Tri-Met, a political subdivision, levied the tax under authority granted by statute (the latter category), the Tax Court lacked jurisdiction. *Id.*

*Jarvill* implies that a tax imposed by a city which is administered through the county property tax system gives rise to a question under state tax law. 289 Or at 167. Inferentially, such a city tax is then to be treated, at least for Tax Court jurisdiction purposes, as a state tax.

■     *Jarvill* also seems to recognize, however, that a tax which must be levied in compliance with the Local Budget Law is a *local* tax. 289 Or at 165-66. Where, as here, the local tax is administered through the county, the question of jurisdiction becomes one of even more than the usual confusion. We think that the better rule is the one found in *Girt*: If the

tax is levied under a statute granting a political subdivision authority to levy for local purposes, then the tax is a local tax. 4 OTR at 98.

Furthermore, this court recently indicated "two boundaries" for determining Tax Court jurisdiction. *Sanok v. Grimes, supra,* 294 Or at 697. These "boundaries" form two rules.

■ Under the first rule, questions about taxability and tax amount "do arise under the tax laws." *Id.* The Tax Court has jurisdiction over such questions, provided a state tax is challenged.

■ Under the second rule, however, the Tax Court lacks jurisdiction if either of the following applies to a "precondition" to taxation:

(1) Jurisdiction to decide the precondition has been affirmatively located in another court; or

(2) A decision on the precondition has "substantial non-tax consequences." *Id.*

■ In this case, we conclude that plaintiffs challenge a tax levied by a political subdivision of the state for local purposes. In making its 1985-86 tax levy, defendant was acting under authority of ORS 334.270; the statute does nothing more than authorize the tax by the political subdivision, in this case, Baker ESD. The tax is thus not a state tax, and questions about its constitutionality are not questions "arising under the tax laws of this state."

We also conclude that a decision on the constitutionality of ORS 334.025(3) would have "substantial non-tax consequences." *Sanok v. Grimes, supra,* 294 Or at 697. Aside from the impact upon other ESDs, an adverse decision would require defendant to revamp its board of directors under a constitutionally-compliant formula.

In *Sanok,* this court left open whether tax and non-tax claims could be tried together because the facts giving rise to the separate claims in that case were distinct. 294 Or at 697 n 21. If plaintiffs had asserted here a state tax claim over which the Tax Court had jurisdiction, they might be entitled to have their non-tax, constitutional claims tried with the tax

claim. The constitutional claims must arise out of the same facts giving rise to the tax claim.

Plaintiffs, however, have failed to challenge a state tax. Moreover, their constitutional claims do not arise out of the same facts giving rise to their Local Budget Law claims, over which the Tax Court did have jurisdiction. Accordingly, we conclude that the Tax Court lacked jurisdiction to consider plaintiffs' constitutional challenge to ORS 334.025.

## BUDGET COMMITTEE CLAIM

■ Plaintiffs raise an additional constitutional claim which defendant challenges for lack of jurisdiction: That ORS 334.240(1) violates the constitutional one-person, one-vote principle.

ORS 334.240(1) concerns ESD budget committees. An ESD budget committee approves the budget, which is then sent to the board for approval. ORS 294.406(1), 294.430 and 294.435. ORS 334.240(1) provides that members of the budget committee who are not members of the ESD board must be members of the school boards within the ESD.

Baker ESD's budget committee apparently consists of 14 members, seven of whom are appointed by the board. *See* ORS 294.336(2). These seven apparently are chosen from a pool of 20 persons, five from each of the four school districts (each school district board has five members). Because ORS 334.240(1) thus makes eligible only five potential appointees from School District 5J for budget committee membership, plaintiffs claim a constitutional violation. We conclude, however, that this claim lies outside the jurisdiction of the Tax Court for the reasons expressed regarding ORS 334.025(3).[3]

## II. STATUTORY SUBSTANTIAL COMPLIANCE

As stated above, the Local Budget Law grants jurisdiction to the Tax Court to determine whether tax levies have been made in compliance with that law. We turn to those claims over which the Tax Court properly exercised jurisdiction.

---

[3] Plaintiffs also claim that defendant violated the Public Meetings Law (ORS 192.610 to 192.690). Jurisdiction over the Public Meetings Law is placed in the circuit courts. ORS 192.680(1).

In preparing and making its budget and tax levy for 1985-86, defendant was required to be in "substantial compliance" with the Local Budget Law "and any other applicable law relating to the making of tax levies." ORS 294.485(3). Otherwise, the court must void or modify the levy.

"Substantial compliance," however, is a term fraught with difficulty. The Tax Court in *Dept. of Rev. v. Umatilla County,* 10 OTR 309, 313 (1986), suggested that substantial compliance "requires a good faith effort to meet every requirement of the statutes. * * * The doctrine must be limited to relieving parties from minor irregularities or errors which would not affect the substance of the statute's objectives." *Cf. Gibbons v. Dept. of Rev.,* 9 OTR 176 (1982) (failure of board of directors even to read applicable Local Budget Law statutes rendered it impossible to apply substantial compliance doctrine).

Substantial compliance has two elements: (1) An effort to comply fully with the statutes; and (2) a failure so to comply amounting to a minor error or irregularity. A plaintiff need not show harm from a defective notice or other failure fully to comply with the statute. Such a showing may, however, be relevant to determining whether the error or irregularity was minor.

Plaintiffs' claims regarding defendant's Local Budget Law violations must show a failure to comply with this standard.[4]

---

[4] Plaintiffs contend that a different standard applies, at least in regard to ORS 294.401(1) and 294.421(1). *See infra.* They base their arguments on ORS 294.326, which provides that "it is unlawful for any municipal corporation to expend money or to levy a tax in any year upon property subject to taxation unless the municipal corporation has *complied* with [the Local Budget Law]." (Emphasis added.) Plaintiffs argue that ORS 294.326 makes the notice required under ORS 294.401(1) "jurisdictional" to budget committee action. They make the same argument about ORS 294.421(1) and the power of the ESD board to adopt a budget and to levy a tax.

Plaintiffs cite numerous cases to support these arguments, but none involve ORS 294.326 or 294.485 or the Local Budget Law. Most are early cases in which this court construed "notice" provisions and adopted what may appear to be a "strict" line. *See, e.g., Bank of Columbia v. Portland,* 41 Or 1, 67 P 1112 (1902) (jurisdiction to proceed with street improvement not acquired where type on notice was three-quarter inch, and not prescribed one inch, in length).

Here, however, the legislature has set a less exacting standard by enacting ORS 294.485(3). That statute provides that the court must void or modify a tax levy if the budget and tax levy in question "were not prepared and made in substantial compliance with [the Local Budget Law]."

Plaintiffs seek to have voided or modified the 1985-86 tax levy of defendant. The applicable standard is "substantial compliance" as mandated by ORS 294.485(3).

■       *Defective Notices.* Plaintiffs claim that defendant violated Local Budget Law provisions by failing: (1) To publish notice of the meeting at which the budget committee was to receive the budget document and budget message "[n]ot less than eight days and not more than 14 days prior to the meeting" (ORS 294.401(1)); and (2) to publish a summary of the budget document "not less than 15 days and not more than 25 days prior to the date of the meeting" at which the board of directors was to adopt the budget (ORS 294.421(1)). Plaintiffs also claim defective notice of the budget committee's first meeting because the notice failed to state where the budget document "is available." *See* ORS 294.401(1). Instead, the notice stated that the budget document *"will be available* at [the place of the meeting] at the time of the meeting." (Emphasis added.)

Notice of the budget committee's first meeting on January 29, 1985, was published on January 22, 1985, seven days before the meeting. Under ORS 294.401(1), that was one day late. The budget document summary was published on June 11, 1985, 14 days before the budget adoption meeting of the board of directors scheduled for June 25, 1985. Again, that was one day late. ORS 294.421(1).

The Tax Court held that defendant substantially complied with ORS 294.401(1) and 294.421(1). *Gugler v. Baker County Education Serv. Dist., supra,* 10 OTR at 320-21. Apparently, the Tax Court concluded that defendant made an effort to comply fully and failed because of a calculation error.

Although the legislature has prescribed the appropriate calculation technique, ORS 174.120, confusion over counting days is not an unusual problem. A person could, while attempting to comply fully with the statutes, miscalculate the relevant time period. The record does not suggest that the one-day error on each of the two notices was other than a minor error.

Concerning notice of where the budget document "is available," ORS 294.401(1) apparently contemplates that the budget document be made available to the public *before* the budget committee's first meeting. The statute, however, speaks in a confusing mixture of present and future tenses.

■■       Moreover, ORS 294.401(3) apparently contemplates

availability of the budget document *after* the first meeting of the budget committee. The budget officer must file a copy of the budget document "immediately following the budget committee's [first] meeting as provided in subsection (1)." ORS 294.401(3). We interpret ORS 294.401(1) to mean that the budget document must first be made available to the public when the budget officer makes the filing required by ORS 294.401(3), *i.e.,* immediately *after* the budget committee's first meeting. Given this interpretation, plaintiffs' notice accomplished more than was statutorily required by stating that the budget document would be available *at the time of the meeting.*

We conclude that defendant did substantially comply with ORS 294.401(1) and 294.421(1).

■ *Announcement of Subsequent Budget Meeting.* ORS 294.406(2) requires the budget committee, at the meeting of the budget committee provided for in ORS 294.401(1), to "announce the time of the next meeting, if any." Plaintiffs claim that ORS 294.406(2) was violated when the chairperson announced, at the budget committee's meeting on May 30, 1985, that the next meeting would be held on June 5, 1985. That meeting was held, however, on June 4, 1985.

Plaintiffs' claim fails in two respects. First, ORS 294.401(1) refers to the meeting at which "the budget message and budget document are to be received." That meeting took place on January 29, 1985, or, arguably, on February 5, 1985. The announcement requirement of ORS 294.406(2) refers to the meetings which occurred on those two dates and not to the meeting which occurred on May 30, 1985. *See Gugler v. Baker County Education Serv. Dist., supra,* 10 OTR at 321 n 4.

Secondly, defendant did not fail substantially to comply with ORS 294.406(2). June 5 was the date for the next meeting tentatively set at the May 30 meeting, which adjourned for lack of a quorum. The June 5 meeting was contingent upon a telephone poll assuring that enough members would attend to form a quorum. After the poll, the date was changed to June 4 to assure the quorum, and the new date was published in both local newspapers and announced over local radio. Plaintiff Gugler attended the meeting. Given these circumstances, defendant did not fail substantially to comply with ORS 294.406(2).

■ *Inadequate Budget Message.* ORS 294.391 requires that a budget message be prepared and delivered at the meeting provided for in ORS 294.401. ORS 294.391 requires the budget message to:

(1) Explain the budget document;

(2) Outline the proposed financial policies of the municipal corporation [*i.e.*, the ESD] for the ensuing year;

(3) Describe, in connection with these policies, the important features of the budget document;

(4) Set forth the reason for salient changes from the previous year in appropriation and revenue items; and

(5) Explain the major changes in financial policy.

The budget message for fiscal year 1985-86 stated that the budget was within the taxing authority of Baker ESD and provided for basically the same programs as were delivered in 1984-85. It explained that the Baker ESD budget was divided into administrative and resolution-service budgets and that budget funds went to support programs approved by the constituent school boards. It then outlined programs offered to the local districts and closed by stating that the budget aimed to do what had been done in 1984-85 while allowing for expanded services.

The Tax Court concluded that this budget message was in some respects "of minimal assistance in understanding the budget document. On the whole, however, it does satisfy the enumerated requirements of the statute." 10 OTR at 322. We agree with this assessment and conclude that the budget message substantially complied with the requirements of ORS 294.391.

■ *Addendum to Budget Message.* Plaintiffs claim that a budget message "addendum," presented April 10, 1985, was false and deceptive. The addendum concerned defendant's decision to purchase a building to house its operations.[5]

---

[5] The budget message addendum, presented by defendant's budget officer, Donald L. Currey, is as follows:

"Due to recent action by the Board of Directors of the Baker County Education Service District in acquiring a new facility to house its operations according to the Oregon Statutes and to assist in a cooperative program of education services and related education services for Baker County, the Board now would like to add to the proposed budget for the 1985-86 school year the estimates for the remodeling

Budget message "addenda" are not required by the Local Budget Law. *See generally* ORS 294.305 to 294.520, 294.555 and 294.565. Thus, defendant could not have failed substantially to comply with a statutory requirement.

Aside from that, we have examined plaintiffs' arguments and conclude that they essentially are unmeritorious, with one exception: That defendant falsely implied in the addendum that a new facility was required by statute. *See* n 5, *supra.* We agree with the Tax Court, however, that a more reasonable interpretation of the phrase "according to the Oregon statutes" is that defendant must be housed according to statute. The phrase does not necessarily imply that Oregon law required defendant to acquire a new facility. 10 OTR at 324.

■    *Contingency fund.* Plaintiffs claim that a $25,000 "General Fund Contingency" line item in the 1985-86 budget was invalid. They argue that the item was unreasonable and not based upon past experience.

ORS 294.352(8) allows municipal corporations to include in each fund "an estimate for general operating contingencies." The Tax Court concluded that the statute could not "be read so narrowly as to permit contingency funds based only upon past expenditures." 10 OTR at 326.

Between the 1980-81 and 1983-84 fiscal years, defendant expended less than $5,000 from the General Fund Contingency; however, the budget estimates in these years were for $11,400, $17,814, $28,471 and $26,600, respectively. In the 1984-85 fiscal year, $96,069 was budgeted and $93,084 actually expended.

Defendant's superintendent originally proposed $50,000 for 1985-86, a figure subsequently reduced to $25,000. The earlier figure was based upon the prospect of "high-cost" children moving into the district, but defendant later learned

---

and yearly operation of the newly acquired E.S.D. office. Estimates of rents to be received are also included into this budget. The Board would also like to address some additional programs and/or services and will be including them into the budget prior to the approval of the budget. When these programs and/or services are determined by the Board, an additional detailed expenditure sheet will be added to the budget document of the Baker County E.S.D."

that some of the cost of these children would be borne elsewhere. In 1985-86, $19,500 was actually expended from the General Fund Contingency, leaving a balance of $5,500.

The 1985-86 General Fund Contingency item was not unreasonable, given defendant's responsibilty to provide for the education of children in the district. As the Tax Court intimated, given past experience alone, plaintiffs might well prevail in their argument. 10 OTR at 326. For fiscal year 1985-86, however, the estimate was well in line with what apparently proved to be actual need.

Because of our decision in this case, we do not address plaintiffs' argument regarding the award of attorney fees.[6]

The decision of the Tax Court is affirmed.

---

[6] Plaintiffs raised two other claims which we do not·address:

First, plaintiffs challenged the qualifications of two members of the budget committee. Plaintiffs apparently dropped that challenge on appeal. Although an assignment of error is not indispensable in an equity appeal, *Heintz v. Sinner,* 232 Or 529, 535, 376 P2d 478 (1962), we decline to consider an issue which plaintiffs themselves do not raise in their brief.

Plaintiffs also claimed in the Tax Court that the budget document did not comply with ORS 294.352 because true estimates of expenditures were not made available to the public. They have not assigned as error the ruling of the Tax Court on that claim, which held for defendant. *Gugler v. Baker County Education Serv. Dist.,* 10 OTR 315, 324-25 (1986) (no unlawful accumulation of funds). Accordingly, we decline to address the issue. *See Heintz v. Sinner, supra,* 232 Or at 535.