IN THE OREGON TAX COURT
MAGISTRATE DIVISION

Wallace D. FEIST
and Marda J. Feist,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC-MD 030029E)

Herman L. Lindsey Jr., Certified Public Accountant, argued the cause for Plaintiffs.

Jerry VanSickle, Auditor, Department of Revenue, argued the cause for Defendant.

Decision for Defendant rendered September 30, 2003.

## COYREEN R. WEIDNER, Magistrate.

Plaintiffs appeal income tax assessments for 1998 and 1999. Defendant issued the assessments after concluding Plaintiffs were not exempt from taxation under the provisions of the Amtrak Act. The court held a telephone trial in the matter. Herman L. Lindsey, CPA, appeared on behalf of Plaintiffs. Jerry VanSickle, Auditor, appeared on behalf of Defendant.

## I. STATEMENT OF FACTS

Plaintiffs are residents of the State of Washington. Wallace D. Feist (Feist) works for the Tri-County Metropolitan Transportation District of Oregon (Tri-Met) as a bus operator. During the subject years, Feist spent most of his time driving routes in Oregon while occasionally driving a route into Washington. When completing their 1998 and 1999 Oregon income tax returns, Plaintiffs requested and received a refund of all the Oregon income tax withheld from Feist's wages. Plaintiffs determined they were exempt from taxation by the State of Oregon under the provisions of the Amtrak Act[1] because they were residents of Washington. Subsequently, Defendant determined Plaintiffs were not entitled to the exemption and issued deficiency notices for both years. After holding a conference, Defendant assessed the deficiencies. Plaintiffs appeal, claiming they are entitled to the exemption.

## II. ANALYSIS

When nonresidents earn income from sources within this state, they are generally obligated to pay an income tax to the State of Oregon on that income. An exception to the state's taxing authority is found in the Amtrak Act, which is a federal act that prohibits states from imposing an income tax on nonresidents who are employees of motor vehicle carriers and who perform duties in two or more states.[2] The Amtrak Act defines an "employee" as follows:

---

[1] Amtrak Reauthorization and Improvement Act of 1990, Pub L 101-322, 104 Stat 295 (1990) (codified as amended at 49 USC § 14503 (Supp I 1994)).

[2] The Amtrak Act provides:

"No part of the compensation paid by a motor carrier providing transportation * * * to an employee who performs regularly assigned duties in 2 or more

"(2)   'employee' means an operator of a commercial motor vehicle (including an independent contractor when operating a commercial motor vehicle), a mechanic, a freight handler, or an individual not an employer, who

"(A)   directly affects commercial motor vehicle safety in the course of employment; and

"(B)   *is not an employee of* the United States Government, a State, or *a political subdivision of a State* acting in the course of the employment by the Government, a State, or a political subdivision of a State."

49 USC § 31132(2) (1994 Supp IV) (emphasis added).

Defendant denied Plaintiffs the exemption by concluding Feist does not meet the statutory definition of "employee." Specifically, Defendant maintains that Tri-Met is a "political subdivision of a State" and, under the statute, a person who works for a "political subdivision of a State" is not considered an "employee" for purposes of the Amtrak Act.

Plaintiffs claim Tri-Met is *not* a political subdivision of the State of Oregon. Plaintiffs rely solely on the dictionary definition of "political subdivision" found in the fifth edition of *Black's Law Dictionary*. It defines a "political subdivision" as follows:

"A division of the state made by proper authorities thereof, acting within their constitutional powers, for purpose of carrying out a portion of those functions of state *which by long usage and inherent necessities of government have always been regarded as public.*"

*Black's Law Dictionary* 1043 (5th ed 1979) (emphasis added). Plaintiffs argue that mass transportation in the Portland metropolitan area used to be provided by private companies. According to Plaintiffs, it follows that mass transportation has not always been "regarded as public." Plaintiffs conclude, therefore, that Tri-Met does not satisfy the dictionary definition of "political subdivision" because mass transportation has not always been "regarded as public."

___

States as such an employee with respect to a motor vehicle shall be subject to the income tax laws of any State * * * other than the State * * * of the employee's residence."

49 USC § 14503 (1994 Supp I).

■ The court begins by observing that dictionary definitions, although useful, are not "conclusive proof of legislative intent." *State v. Atkeson,* 152 Or App 360, 364, 954 P2d 181 (1998). Furthermore, Plaintiffs place their reliance on the definition found in the fifth edition of *Black's Law Dictionary.* Since the fifth edition, a sixth and seventh edition have been published. The most recent edition, *i.e.,* the seventh edition, defines a political subdivision as "[a] division of a state that exists primarily to discharge some function of local government." *Black's Law Dictionary* 1179 (7th ed 1999). The language relied upon by Plaintiffs relating to the fact that the activity has always been regarded as public is no longer part of the current definition.

Chapter 267 of the Oregon Revised Statutes allows for the creation of mass transit districts in metropolitan areas. When a mass transit district is formed, the Governor appoints the district's board of directors. ORS 267.090(1).[3] To finance their operations, mass transit districts may, among other things, levy taxes, levy business license fees, and sell bonds. ORS 267.300(1). ORS 267.200 provides that "[a] district shall constitute a municipal corporation of this state, and a public body, corporate and politic, exercising public power." By this description of a mass transit district, the Oregon legislature intended that a mass transit district like Tri-Met be considered a public entity. Further, ORS 267.200 specifically states that a mass transit district is considered a "political subdivision for the purposes of ORS 305.620." ORS 305.620(1) provides that any political subdivision may enter into an agreement with the Department of Revenue for the "collection, enforcement, administration and distribution of local taxes of the political subdivision." The legislature describes mass transit districts as being public bodies with public powers. The legislature further provides mass transit districts with the power to levy taxes.

■ After reviewing the relevant statutes and case law, the court is led to the inescapable conclusion that the legislature intended a mass transit district be considered a political subdivision of the state. The court's conclusion is supported by the Oregon Supreme Court's description of Tri-Met

---

[3] All references to the Oregon Revised Statutes (ORS) are to 1997.

as being a political subdivision in its decision in *Gugler v. Baker Co. Ed. Serv. Dist. (Gugler I)*, 305 Or 548, 554, 754 P2d 891 (1988) (referring to a Tax Court decision that held the court lacked jurisdiction to consider a tax levied by "Tri-Met, a political subdivision").

### III.   CONCLUSION

It is the court's conclusion that the Oregon legislature intended mass transit districts like Tri-Met be considered political subdivisions of the state. As a result, the court finds that Feist does not meet the definition of "employee" under the Amtrak Act and, therefore, is not entitled to the exemption provided. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.