IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Municipal Tax

JOHN A. BOGDANSKI,                    )
                                      )
                Plaintiff,            )     TC-MD 130075C
                                      )
        v.                            )
                                      )
CITY OF PORTLAND, State of Oregon,    )
                                      )
                                      )
                Defendant.            )     **DECISION OF DISMISSAL**

## I.  INTRODUCTION

This matter is before the court on Defendant's Motion to Dismiss Plaintiff's Complaint (Motion) for lack of jurisdiction.  The Motion was filed April 11, 2013.  Hearing on the Motion was held by telephone May 22, 2013.  At the hearing, Plaintiff John Bogdanski appeared on his own behalf.  Appearing for Defendant were Tracy Pool Reeve, Chief Deputy City Attorney, and J. Scott Moede, Senior Deputy City Attorney.

Plaintiff's Complaint was filed March 8, 2013.  Plaintiff asserts in his Complaint that "[t]he Notice [that he is subject to the Portland Arts Tax] and the Administrative Rules are in error, because the Portland Arts Tax violates Article IX, section 1a of the Oregon Constitution." (Ptf's Compl at 1.)  Defendant attached to its Motion a Memorandum In Support Of Defendant's Motion To Dismiss Plaintiff's Complaint (Memo).  Defendant requested oral argument on its Motion.  (Motion at 1.)  Plaintiff filed a response to Defendant's Motion titled Plaintiff's Opposition To Defendant's Motion To Dismiss (hereinafter referred to as the Response, and, in citation format denoted as "Resp").  Defendant subsequently filed a reply to Plaintiff's Response, and the court then held the May 22, 2013, hearing.

/ / /

/ / /

## II.  PLEADINGS AND OVERVIEW

Plaintiff's Complaint challenges the constitutionality of Portland City Code (PCC) 5.73.020, which is officially known as the Arts Education and Access Income Tax, but generally referred to as the "Arts Tax" or the "Portland Arts Tax."  (Ptf's Compl at 1; Def's Memo at 1.) For ease of reference, the court will refer to the tax as the Portland Arts Tax.  In his Complaint, Plaintiff asserts that the Portland Arts Tax violates article IX, section 1a, of the Oregon Constitution and requests that the court: 1) declare the tax unconstitutional; 2) "enjoin Defendant from assessing or collecting the Portland Arts Tax against and from Plaintiff; and 3) awarding such other relief as the court may deem appropriate.  (Ptf's Compl at 1.)

Defendant's Motion requested dismissal on three alternative grounds: 1) the Oregon Tax Court does not have jurisdiction over the matter because such jurisdiction is with the Circuit Court; 2) Plaintiff has not exhausted available administrative remedies and the matter is therefore not justiciable; and, 3) the Magistrate Division of the Oregon Tax Court is not the proper forum for petitions for declaratory judgment, but rather, jurisdiction for such petitions lies with the Regular Division of the Oregon Tax Court.  (Def's Motion at 1-2; Def's Memo at 3.)  Defendant states in its Memo: "[t]o be clear, the focus of this memorandum is defendant's argument that the Oregon Tax Court does not have jurisdiction over plaintiff's challenge to the Arts Tax levied by the City of Portland."  (Def's Memo at 3.)  Defendant subsequently withdrew the second of its three grounds for dismissal in its Reply.  (Def's Reply at 1-2, 5.)

///

///

///

///

///

///

## III.  OVERVIEW OF RELEVANT LAWS

A.      *The Portland Arts Tax*

The Portland Arts Tax is a City of Portland tax initially enacted by voter approval

November 6, 2012.  *See* "Note" preceding PCC 5.73.[1]  The tax provides in relevant part:

> "A tax of $35 is imposed on the income of each income-earning resident of the
> City of Portland, Oregon who is at least eighteen years old.  No tax will be
> imposed on filer(s) within any household that is at or below the federal poverty
> guidelines established by the federal Department of Health and Human Services
> for that tax year."

PCC 5.73.020.

B.      *The Poll or Head Tax*

Article IX, section 1a, of the Oregon Constitution provides: "No poll or head tax shall be

levied or collected in Oregon.  The Legislative Assembly shall not declare an emergency in any

act regulating taxation or exemption."  That constitutional provision is commonly referred to as a

poll or head tax.[2]

## IV.  THE PARTIES' POSITIONS

The essence of Defendant's primary argument, identified as Motion 1, is that the Oregon

Tax Court lacks jurisdiction because the Portland Arts Tax has been imposed by Defendant and

is not a tax law "of the state."  (Def's Memo at 4.)  Defendant submits that jurisdiction over this

matter lies with the Circuit Court.  (Def's Memo at 3, 7.)  In support of that assertion, Defendant

relies on *Jarvill v. City of Eugene* (*Jarvill*), 289 Or 157, 613 P2d 1 (1980), *cert denied* 449 U.S.

1013 (1980), and *Martin v. City of Tigard*, 335 Or 444, 72 P3d 619 (2003).  (Def's Memo at 4, 7;

Def's Reply at 2.)  Defendant contends that, for purposes of this appeal, the Oregon Tax Court's

jurisdiction is found in ORS 305.410, a statute conferring upon this court exclusive jurisdiction

---

[1] The court's references to the Portland City Code (PCC) are to the version effective March 1, 2013.

[2] That section of Oregon's Constitution was created through initiative petition filed in June 23, 1910, and adopted by the people November 8, 1910. One amendment was subsequently proposed and adopted by the people November 15, 1912. *See* note following Or Const, Art IX, § 1a.

over "all questions of law and fact arising under the *tax laws* of this *state*." ORS 305.410(1) (emphasis added).[3] (*Id.*) Defendant also notes Plaintiff attached to his Complaint copies of the Portland City Code (PCC) establishing the Portland Arts Tax (PCC 5.73.010 *et seq*), a copy of the relevant administrative rules promulgated by the city in accordance with PCC 5.73.080 D, and a copy of the notice Plaintiff received regarding the tax. (Def's Memo at 1-2.)

Alternatively, Defendant asserts that the court should dismiss Plaintiff's Complaint from the Magistrate Division of the Oregon Tax Court because "[t]his case involves a claim for declaratory judgment * * *. Section 4 of plaintiff's Complaint requests, in pertinent part, 'that this Court declare the Portland Arts Tax unconstitutional for the reasons stated' "; namely, that the Arts Tax "violates Article IX, section 1a, of the Oregon Constitution." (Def's Memo at 11.) For the reasons stated below, the court has not addressed that issue as it finds the first ground for dismissal dispositive.

Plaintiff opposes Defendant's Motion, arguing that this court does indeed have jurisdiction because the case arises, "not [under] the Portland Arts Tax; instead, it 'arises under' Article IX, section 1a of the Oregon Constitution." (Ptf's Resp at 1.) In that regard, Plaintiff asserts that Defendant, in arguing that the Portland Arts Tax does not arise under the tax laws of the state because it "is imposed by a municipal ordinance, and not by the state government[,]" "*misapprehends* the meaning of the phrase 'arising under' " found in ORS 305.410(1). (*Id.*) (Emphasis added). In response to a question posed by the court during oral argument, Plaintiff stated that if the challenge is based on Article IX, section 1a, of the Oregon Constitution, the tax court has jurisdiction regardless of the type of law being appealed, regardless of whether or not the law is enacted by a local or state body, or even stems from some type of tax law prompting the Article IX challenge. Plaintiff stated plainly that the tax being appealed is not the starting point for determining jurisdiction, but rather, the court determines jurisdiction based on legal

---

[3] All references to the Oregon Revised Statutes (ORS) are to 2011.

grounds for the challenge to the law – any law. Plaintiff relies on this court's decision in *Knapp v. City of Jacksonville* (*Knapp*), 18 OTR 22 (2004), and the Oregon Supreme Court's decision in *Sanok v. Grimes* (*Sanok*), 294 Or 684, 662 P2d 693 (1983), for his assertion that the Tax Court does indeed have jurisdiction to hear his appeal. Plaintiff argues that the focus under *Knapp* is twofold: 1) whether the "challenge to the City of Portland tax ordinance is on its face" or as to the "application of the ordinance under particular fact situations"; and 2) whether "[t]here are * * * questions of law or fact presented by this case other than the question of whether the Portland Arts Tax violates Article IX, section 1a." (Ptf's Resp at 2.) Plaintiff argues that "the case 'arises under' Article IX, section 1a," a constitutional provision that "is narrowly drawn, relating only to taxation," and that, under *Knapp*, this court does have jurisdiction because his challenge is to the ordinance on its face and there are no questions of law or fact other than whether the Portland Arts Tax violates Article IX, section 1a. (Ptf's Resp at 2.)

Plaintiff next asserts that under *Sanok*, the Supreme Court set two boundaries. (*Id*.) Plaintiff quotes from *Sanok* as follows:

> "On the one hand, questions which must be resolved in order to decide taxability or the amount of tax do arise under the tax laws. On the other hand, a precondition to taxation does not arise under the tax laws if jurisdiction to decide that precondition has been affirmatively located in another court or if a decision on the precondition has substantial non-tax consequences."

(Ptf's Resp at 2-3 (quoting *Sanok*, 294 Or at 697) (footnote omitted)).

Plaintiff argues that under *Sanok*, "there are no substantial nontax consequences to the [Tax] Court's resolution of the single issue presented," which Plaintiff identifies as "whether the Portland Arts Tax is a 'poll or head tax,' " a question Plaintiff asserts "must be resolved in order to decide taxability." (Ptf's Resp at 3.)

V.  ANALYSIS

The Oregon Tax Court's general jurisdiction grant is found in ORS 305.410(1), which provides that, subject to judicial review by the Supreme Court:

"[t]he tax court shall be the sole, exclusive and final judicial authority for the hearing and determination of all questions of law and fact arising under the tax laws of this state."

That subsection then lists 15 items identified as contributions, assessments, taxes, fees, and licenses, and that are generally declared to not be "tax laws of this state[.]" *See* ORS 305.410(1)(a) through (o).

Additionally, the legislature has conferred jurisdiction to this court over certain additional areas dealing with taxes, including ORS 305.580 through ORS 305.591.[4]

Reduced to its essence, the jurisdictional question this court has been asked to address in this case comes down to whether the court determines jurisdiction based on the tax (or other matter)[5] being challenged in the appeal, or by looking at the grounds, or basis, for the appeal (i.e., whether or not the claim of the appealing party involves a tax law of the state).[6] Contrary to Plaintiff's contention, the court here must determine jurisdiction based on the tax being appealed, not the basis for the appeal of the underlying law (whether a tax or otherwise, as Plaintiff insists). In that regard, this court's exclusive jurisdiction extends to "all questions of law and fact arising under the tax laws of this state." ORS 305.410(1). The Portland Arts Tax is a tax of the city of Portland and not one "of this state." Accordingly, the court does not have jurisdiction over Plaintiff's challenge to the Portland Arts Tax. While the court believes the statute is plain on its

---

[4] ORS 305.580(1) provides in part: "The provisions of ORS 305.583, 305.585, 305.587 and 305.589 shall provide the exclusive remedy for determination of questions concerning (a) the effect of the limits of section 11b, Article XI of the Oregon Constitution on taxes, fees, charges and assessments of units of government." ORS 305.583(1) provides: "An interested taxpayer may petition the regular division of the Oregon Tax Court to determine a question described in ORS 305.580." Section 11b of Article XI of the Oregon Constitution was an amendment to the state's Constitution approved by the voters and commonly referred to as Measure 5.

[5] During oral argument, in response to a question posed by the court, Plaintiff asserted that the Tax Court had jurisdiction based on the nature of the challenge, whether or not the law, ordinance, etc., state or local, involved taxes are not. Specifically, Plaintiff stated that if the basis of the appeal were Article IX, section 1 (prohibiting a poll or head tax), then the Tax Court had jurisdiction regardless of the law being challenged.

[6] Obviously both are relevant (i.e., the nature or type of tax being appealed, and the basis for the appeal). However, typically the first of those two is not in question. That is, taxpayers typically appeal to this court because a state tax law (whether income or property) has produced a result they do not like. The taxpayer must, of course, bring a claim against that tax that is within this court's jurisdiction.

face and allows no room for Plaintiff's argument, it will address the key cases each side relies on.

The controlling case is *Jarvill*. *Jarvill* began as three separate appeals brought by different parties in the Lane County Circuit Court in 1974 and 1975. 289 Or at 160. The appeals involved challenges to various city ordinances enacted under a voter approved charter amendment to revitalize the city's downtown core area. *Id*. at 159. The challenged city ordinances "provided free parking within the Downtown Development District ("District") but * * * restricted parking by employers and employees of District businesses, by District residents, and by District hotel or motel guests." *Id*. The city also enacted various ordinances to finance the revitalization effort. One ordinance allowed for an ad valorem property tax, another imposed a tax on gross retail sales and receipts, and a third imposed a tax on professional businesses within the District on a quarterly basis. *Id*. at 159-160. The circuit court consolidated the cases. *Id*. at 160. The circuit court "upheld the charter amendment and the taxing ordinances in all respects." *Id*. at 161. The case was appealed to the Oregon Court of Appeals, and that court affirmed the circuit court's ruling, but held *sua sponte* that the tax court had jurisdiction over the challenges to the ad valorem property taxes. *Id*. (Citing *Jarvill v. City of Eugene*, 40 Or App 185, 594 P2d 1261 (1979)).

On appeal to the Oregon Supreme Court, that court noted that "plaintiffs have raised numerous contentions challenging the validity of the charter amendment and the City ordinances * * * [g]enerally * * * contend[ing] that the taxes [we]re unlawful or beyond the City's power." *Jarvill*, 289 Or at 160. Plaintiffs also contended that the ad valorem property tax and business taxes violated numerous constitutional provisions, both state and federal, some of which were clearly related to tax; e.g., Article I, section 32 of the Oregon Constitution (relating to uniformity of taxation). The Supreme Court concluded that the circuit court, and not the Tax Court, had

/ / /

DECISION OF DISMISSAL  TC-MD 130075C                                                    7

jurisdiction regarding the challenges to the ad valorem property tax imposed by the city. *Id*. at 168. The Supreme Court began its jurisdictional analysis by noting that "[t]he exclusive jurisdiction of the tax court extends to 'all questions of law and fact arising under the tax laws of this state.' " *Jarvill*, 289 Or at 161. The court traced the history of the tax court's jurisdiction under ORS 305.410. *Id*. at 162-164. The court noted that through the various legislative amendments to the statute, "[t]wo concepts remained[.]" *Id*. at 164. "First, the legislature separately provided for tax court jurisdiction over specific taxes: the county property tax, the state income tax, and the state forest tax." *Id*. The second concept was that "where the legislature did not provide for jurisdiction over a specific tax, it generally provided for tax court jurisdiction over 'the tax laws of this state,' in ORS 305.410(1)." *Id*.

The court first rejected the city's contention "that the tax laws enacted by a city government are 'tax laws of this state[]' because a city's authority ultimately comes from the state[,]" ruling that "[t]he plain and natural meaning of this phrase [tax laws of this state] is that the tax law must be enacted by the state governmental authority." *Id*. The court held that the city's challenge to the charter amendment and ordinances that imposed the property and business taxes were enacted by the city and were therefore "not 'tax laws of this state.' " *Id*. at 166. Accordingly, the court found that "[t]he questions presented by th[ose] challenges were properly litigated in the circuit court." *Id*.

The court in *Jarvill* then addressed the city's contention that "because plaintiffs challenge the City property and business taxes as violative of article I, section 32, of the Oregon Constitution, and because that constitutional provision is a tax law of this state, plaintiffs' challenge based on [that constitutional provision] is a 'question * * * arising under the tax laws of this state' which must be litigated in the tax court." *Id*. The court observed that "[a]ccording to the City, the tax court has jurisdiction whenever a party, who may be challenging a tax levied by a city, raises a challenge based on, or a question relating to, a tax law of this state." *Id*. As

indicated above, Plaintiff has made the same argument in this court, insisting that the Tax Court has jurisdiction whenever a party challenges any law based on a legal theory implicating a tax law of this state. In rejecting such a claim, the Court in *Jarvill* stated: "jurisdiction under ORS 305.410(1) must be determined by whether the tax being challenged is itself a tax law of this state." *Id*. at 167 (emphasis omitted). In an effort to remove any doubt as to what the court meant by that statement, the Court went on to state: "In other words, when the legislature declared that the tax court has jurisdiction over 'all questions * * * arising under' the state tax laws, the legislature intended that, under ORS 305.410(1), the tax court have jurisdiction *only when the complaint challenges a state tax, that is, a tax imposed by the state government*." *Id*. (Emphasis added.) "When the complaint challenges a tax imposed by a city (and not administered through the county property tax system), then no question arises under a state tax law, and the litigation may proceed in the circuit court, unless jurisdiction in the tax court is separately and specifically provided outside of ORS 305.410(1)." *Id*. at 167-68.

Plaintiff argued during the May 22, 2013, hearing that *Jarvill* is distinguishable because it involved a mixture of state and federal constitutional challenges and, in any event, *Sanok* was decided after *Jarvill*, and to the extent that they conflict, *Sanok* controls. *Sanok* did not overrule *Jarvill*, and the two decisions are not in conflict. Nor does the court accept Plaintiff's claim that a mixture of federal and state constitutional challenges makes his case different than *Jarvill*.

*Sanok* does not stand for the proposition Plaintiff asserts. Plaintiff is correct that the Supreme Court in *Sanok* set two boundaries: the same two boundaries set forth in *Jarvill*. *Sanok*, 294 Or at 697. The plaintiff in *Sanok* appealed to the Tax Court following the Department of Revenue's administrative decision largely affirming the assessor's removal of taxpayer's property from forestland designation and special assessment. The Tax Court appeal involved four causes of action regarding removal of forest land designation, four more regarding various alleged torts on the part of staff in the assessor's office, and the fairly common request for "costs,

disbursements, and attorney fees." *Id*. at 690. The Supreme Court reversed and remanded the case to the Tax Court for further proceedings on the claims regarding forest land qualification because the Tax Court dismissed taxpayer's complaint, refusing to allow taxpayer to amend his complaint to join the Department of Revenue, the tribunal that had rendered the decision from which taxpayer appealed. *Cf. id*. at 701. In so doing, the Court noted that, under ORS 305.405, the Oregon Tax Court is part of the judicial branch of state government with jurisdiction to address "questions * * * arising under the tax laws of this state [per] ORS 305.410(1)[,]" and that plaintiff's "complaint does cite tax laws of this state." *Id*. at 690-691. More importantly, the Court had no problem distinguishing the causes of action related to tax status from those regarding alleged wrongdoing of tax assessors. *See id*. at 697. In holding that Sanok's "claims regarding [his] qualification for forest-land tax status do 'arise under' the tax laws and are within the tax court's jurisdiction, the *Sanok* Court stated that "Plaintiff's tax claims are unaffected by whether the assessors committed any torts." *Id*. at 698. Accordingly, Plaintiff's reliance on *Sanok* does nothing to advance his assertion that this court has jurisdiction to consider his challenge to the Portland Arts Tax, a city of Portland tax, not one enacted by the state. This is so because the issue in *Sanok* was whether the Tax Court erred in refusing to consider any claims raised by the taxpayer. On that question, the Supreme Court concluded it had, and that the Tax Court should have allowed Plaintiff to amend his complaint to add the Department of Revenue as the defendant and move forward on the question of whether the forestland removal by the assessor was done in error or in accordance with the tax laws of this state. Thus, on remand, the Tax Court would hear Sanok's appeal of a state tax law - qualification for forestland special assessment - based on plaintiff's assertion that removal of his property from special assessment deprived him of his rights under state statutes in violation of his state and federal constitutional rights. 294 Or at 690.

/ / /

Finally, Plaintiff's reliance on *Knapp* is misplaced. *Knapp* involved an appeal filed with this court by a group of taxpayers challenging the constitutionality of a city public safety surcharge and an amended surcharge under sections 11 and 11b of Article XI of the Oregon Constitution as well as other state and federal constitutional provisions. *Knapp*, 18 OTR at 24. This court initially analyzed the appeal under the provisions of ORS 305.580 *et seq*,[7] statutory provisions specifically conferring jurisdiction in this court on such appeals. *Id*. at 24; *see also id*. at 37 ("[t]he uniformity challenges, like those brought under ORS 305.580 to 305.591, are to each ordinance on its face and not to the application of the ordinances under particular fact situations") On appeal, the Oregon Supreme Court noted that it was called upon to "decide whether the original or amended surcharge constituted a tax on property under Article XI, sections 11 ('Measure 50') and 11b ('Measure 5') of the Oregon Constitution." *Knapp v. City of Jacksonville*, 342 Or 268, 270, 151 P3d 143 (2007).

After addressing the Measure 5 challenge, the Tax Court went on to address the other constitutional challenges of the taxpayers, noting that it had jurisdiction to consider the uniformity challenges brought under Article I, section 32, of the Oregon Constitution, which specifically addresses tax matters, stating that under *Gugler v. Baker Co Ed Serv Dist (Gugler I)*, 305 Or 548, 555-56, 754 P2d 891 (1988), and *Gugler v. Baker Co Ed Serv Dist (Gugler II)*, 305 Or 563, 568, 754 P2d 900 (1988) "the Tax Court has jurisdiction to consider nontax questions, including constitutional issues, *when* another matter is within the jurisdiction of the court and the '*pendant*' claim arises out of the same facts as the matter that is properly before the Tax Court." *Knapp*, 18 OTR at 37. The Tax Court also noted in *Knapp* that one of three "principles" enunciated by the Oregon Supreme Court to guide this court in determining whether it has "jurisdiction to address whether the surcharges violate the uniformity provisions found outside

/ / /

---

[7] *Supra* note 4.

Measure 5 and Measure 50" is a legislative intent "to avoid split jurisdiction." *Knapp*, 18 OTR at 36-37 (citing *Jarvill*, 289 Or at 167; *Sanok*, 295 Or at 662).

To summarize, the court concludes that it does not have the statutory authority to hear Plaintiff's challenge to the City of Portland's tax (the Portland Arts Tax) because the appeal does not involve a "question[] of law [or] fact arising under the tax laws of this state" as required by ORS 305.410(1), and the court does not acquire jurisdiction because Plaintiff challenges that municipal tax as a violation of Article IX, section 1a, of the state constitution, the latter prohibiting the levy or collection of a poll or had tax in this state. That is so because jurisdiction must start with a challenge to a tax law administered by the state and the Portland Arts Tax is not a tax law of the state, but rather a municipal tax law. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion To Dismiss Plaintiff's Complaint is granted and this matter is dismissed.

Dated this ____ day of June 2013.


_____
DAN ROBINSON
MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Dan Robinson on June 4, 2013. The Court filed and entered this document on June 4, 2013.*